THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MILTON PAUL DURHAM,<br><br>              Petitioner,<br><br>     v.<br><br>LYDELL SHERER, Administrator,<br>New Jersey State Prison, and<br>the Attorney General of New<br>Jersey,<br><br>              Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>   CIVIL NO. 03-3571(JBS)<br><br><br>       **OPINION** |

APPEARANCES:

Robert H. Jaffe, Esq.
Robert H. Jaffe & Associates, P.A.
8 Mountain Avenue
Springfield, New Jersey, 07081
     Attorney for Petitioner

Zulima Farber
Attorney General of New Jersey
By:      Carol M. Henderson
         Assistant Attorney General
Division of Criminal Justice
Appellate Bureau
P.O. Box 086
Trenton, New Jersey 08625
     Attorney for Respondents

**SIMANDLE**, District Judge:

     Petitioner, Milton Paul Durham, filed a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Docket Item 1]. For the reasons set forth below, the Petition will be denied.

1

**I.   FACTUAL BACKGROUND**

On November 8, 1985, Petitioner was sentenced to a prison term of 20 years; 10 years without parole for first degree aggravated assault, and four ten year terms with five years of parole ineligibility for four counts of second degree sexual assault.  (Judg. of Conviction, Resp. Ex. Ra 37-38.)  Upon the same indictment, Petitioner was charged with several other crimes,[1] but these charges were dropped as part of a plea agreement.  (Ans. ¶ 5, Pet. ¶ 5.)

**II.   PROCEDURAL HISTORY**

Petitioner appealed from the judgment of conviction to the Superior Court of New Jersey, Appellate Division.  (Pet. ¶ 9.)  Petitioner argued that 1) the trial court erred by refusing to grant then Defendant's motion to withdraw guilty pleas, 2) the Defendant was denied effective counsel, and 3) he received an excessive sentence.  (Id.)  The Appellate Division affirmed the judgment of conviction on November 4, 1987.  Id.  Petitioner petitioned for certification to the Supreme Court of New Jersey,

---

[1] Petitioner was charged with second degree burglary, N.J.S.A. 2C:18-2; seven counts of third degree terroristic threats, N.J.S.A. 2c:12-3; six counts of first degree kidnaping, N.J.S.A. 2C:13-1b(1); five counts of first degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1); five counts of first degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(4); six counts of child abuse, N.J.S.A. 9:6-1; one count of second degree attempted aggravated sexual assault, N.J.S.A. 2C:5-1 and 2C:14-2a(4); and possession of cocaine, N.J.S.A. 24:21-20a(1).  (Resp. Ex. Ra at 1-33.)

which was denied on February 16, 1988.  (Pet. ¶ 9(e).)

Subsequently, Petitioner moved for Post-Conviction Relief in the Superior Court of New Jersey, Law Division, Atlantic County, alleging that 1) the grand jury was unconstitutionally selected and impaneled, 2) there were inaccuracies in the pre-sentence report, 3) ineffectiveness of counsel, and 4) involuntariness of his plea.  (Pet. ¶ 11.)  On February 15, 1991, the Superior Court found Petitioner's claims procedurally barred pursuant to N.J. Ct. R. 3:21-1.  (Ans. ¶ 11.)

Petitioner appealed the denial of Post-Conviction Relief, which was denied.  (Resp. Ex. Ra at 52-53.)  The Supreme Court of New Jersey denied certification of the appellate decision on October 22, 1992.  State v. Durham, 130 N.J. 597, (1992).  (Resp. Ex. Ra at 54.)

On August 6, 2000, Petitioner filed a Second Motion for Post-Conviction Relief in the Superior Court of New Jersey, Law Division, Atlantic County.  (Pet. ¶ 11.)  There, Petitioner argued 1) that the sentence was illegal, 2) illegal grand jury selection, and 3) lack of notice of the right to a timely appeal. (Pet. ¶ 11.)

On July 25, 2002, the Superior Court denied the Second Motion for Post-Conviction Relief, holding 1) the petition was procedurally barred because it was outside the five year time limit of N.J. Ct. R. 3:22-12, 2) there was no excusable neglect

in the ten year delay, 3) the guilty plea acted as a waiver of all challenges to the grand jury selection process, 4) the excessive sentencing claim was barred because it had previously been adjudicated on direct appeal in accordance with N.J. Ct. R. 3:22-5, and 5) since Petitioner had filed a direct appeal, there was no merit to his claim that he was unaware that he could appeal.  (Resp. Ex. Ra at 55-59.)  Petitioner did not appeal this ruling.  (Id. at 59.)

In this Petition, filed July 25, 2003, Petitioner identifies the following grounds for relief:

1) Ineffectiveness of counsel;
2) Invalidity of guilty pleas;
3) The grand jury or petit jury was unconstitutionally selected and impaneled;
4) Prosecution failed to disclose, to the Defendant, information that the grand jury process had been found impermissible in a different case, and the results of performed lab tests.

(Pet. 12(a-d).)

Respondents raise the affirmative defense that the Petition is barred by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  (Ans. ¶ 12.)  Respondents further contend that the claims made are without merit.  (Id.)

The Court will address Respondents' arguments in turn.

### III. DISCUSSION

#### A. AEDPA Statute of Limitations

Respondents claim that the petition is untimely under the AEDPA.  Petitioner argues that his petition is timely under

statutory and equitable bases.

### 1.     The Petition is Untimely Under AEDPA

Generally, a one year period of limitation applies to habeas corpus petitions.  28 U.S.C. § 2244(d); see Fahy v. Horn, 240 F.3d 239, 243 (3d Cir), cert. denied, 534 U.S. 944 (2001).  28 U.S.C. § 2244 provides, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;...
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, Petitioner did not file a habeas corpus petition until July 25, 2003.  Because the Petition was filed after April 23, 1997, ADEPA's one year limitation period applies.  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).  From 1992 (when the Supreme Court of New Jersey denied certification of the denial of post-conviction relief) until 2002 (when Petitioner filed his second petition for post-conviction relief in the Superior Court), a period of about 10 years, the limitations period of AEDPA expired.  Accordingly, the petition is untimely and will be denied.

### 2. Whether, Notwithstanding the Above, the Court Should Apply Equitable Tolling

Petitioner argues that equitable tolling should apply because Petitioner's untimeliness was due to attorney error and difficulties associated with his incarceration.

The Third Circuit has instructed on this issue in <u>Miller v. New Jersey State Dept. of Corrections</u>, as follows:

> For the guidance of the district court, we observe that equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Generally, this will occur when the petitioner has "in some extraordinary way ··· been prevented from asserting his or her rights." The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." Mere excusable neglect is not sufficient.

145 F.3d 616, 618-619 (3d Cir. 1998) (internal citations omitted).

Petitioner argues he had limited access to documents, had many different attorneys during the period, and had inquired about filing a writ of habeas corpus but his attorneys were not responsive.

Petitioner argues that application of AEDPA's one year statute of limitations here violates principles of equity and fairness. <u>See</u> <u>Seitzinger v. Reading Hosp. & Med. Ctr.</u>, 165 F.3d 236, 239 (3d Cir. 1999) (petitioner's attorney misrepresenting that he had filed a complaint when it had not been filed was substantial enough to warrant equitable tolling); <u>see</u> <u>Moore v. Knight</u>, 368 F.3d 936, 940 (7th Cir. 2004) (holding fact of

prisoner's incarceration should be taken into account when determining the exercise of due diligence).

Even if these hardships were extraordinary, they do not explain why Petitioner waited until 11 years from the date his conviction was final to file this Petition.  Though he was incarcerated, it is difficult to accept Petitioner's arguments, particularly because Petitioner had professional counsel during that period of time.  The fact of incarceration and self representation, standing alone, are usual circumstances, not extraordinary ones, for persons seeking Section 2254 relief, and they do not warrant equitable tolling of the one-year limitations period.

There are no circumstances that warrant equitable tolling. Accordingly, the petition will be denied as untimely.

### IV. CONCLUSION

For the reasons set forth above, the Petition for a writ of habeas corpus will be denied.


**July 26, 2006**                                    **s/ Jerome B. Simandle**
Date                                                 JEROME B. SIMANDLE
                                                     U.S. District Judge